### KARRICK v. HOLLOWAY.

#### (Court of Appeals of District of Columbia. Submitted February 7, 1924. Decided March 3, 1924.)

#### No. 3999.

1. **Trover and conversion ⌬⇒46—In trover by building contractor for equipment used by owner completing work, damages estimated as of date of completion.**

   Under a building contract providing, in case plaintiff failed to complete the building, defendant could use plaintiff's equipment and machinery in completing it, and, on defendant so completing it, he should place plaintiff's machinery and equipment "in as good operating condition as when put to use on the job, excepting for ordinary wear and tear," where defendant took over plaintiff's equipment and completed the building, and a judgment for defendant in plaintiff's action on the contract showed that plaintiff's damages in his action in trover consolidated with the contractual action must be as of the date of the completion of the work, and where plaintiff's evidence of the value of the equipment used by defendant was confined to the date on which defendant took possession of it, a judgment for plaintiff in the trover action must be reversed.

2. **Appeal and error ⌬⇒1053(3)—Instruction as to date for fixing damages in conversion action held not to cure defect in evidence.**

   Where, under the evidence, defendant owner's conversion of plaintiff building contractor's equipment was of the date of the completion of the building, and not when defendant took possession of the equipment, but plaintiff's evidence of the value of the equipment was confined to the date defendant took possession of the equipment, an instruction that, in fixing damages, the jury should consider the value of the equipment on the date on which the conversion occurred, *held* not to cure the error, so as to prevent reversal of judgment for plaintiff.

Appeal from the Supreme Court of the District of Columbia.

Two separate suits by Edgar H. Mosher against James L. Karrick were consolidated for trial. From a judgment in favor of plaintiff in one of the suits, defendant appeals, and plaintiff's trustee in bankruptcy, William H. Holloway, was substituted as appellee. Reversed, and cause remanded for a new trial.

Charles H. Merillat, of Washington, D. C., for appellant.

A. H. Bell and P. H. Marshall, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

⌬⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

VAN ORSDEL, Associate Justice. Two suits were brought in the Supreme Court of the District of Columbia by Edgar H. Mosher, plaintiff, against James L. Karrick, defendant, one for breach of contract, and the other for trover and conversion.

[1] The action for breach of contract was in covenant, and based upon a contract whereby defendant employed plaintiff to erect the reinforcement concrete work in an eight-story apartment building in this city. The contract in brief provided, among other things, that plaintiff was to furnish the equipment and machinery for conducting the work of sufficient and suitable quality to complete' the job, with a provision that defendant should pay the expense of additional machinery or equipment, including lumber, up to the sum of $500; that on completion of the building the machinery and equipment, including lumber, should belong to the party who paid for it; that on completion of the work defendant should clean, paint, and place plaintiff's machinery and equipment "in as good operating condition as when put to use on the job. excepting for ordinary wear and tear"; that, in the event of the death or failure or refusal of plaintiff to perform the work, defendant should have the right to use the working equipment and working machinery then on hand with which to complete the work; and that in case a dispute should arise the decision of the architect thereon should be final and binding upon the parties. Shortly after plaintiff began operations, defendant took over the work, together with the equipment plaintiff had furnished, and completed the work. This furnishes the basis of the suit for breach of contract.

In the action for conversion, it was sought to recover the value of the machinery and equipment, which defendant took over and used in the construction of the building, and which it is alleged he refused to surrender to plaintiff on the completion of the work.

The two cases were consolidated for trial, and the jury found for defendant in the action for breach of contract, and for plaintiff in the action for conversion, and fixed the damages at $7,905. From this judgment, defendant appealed, and plaintiff is here represented by his trustee in bankruptcy. No appeal was taken by plaintiff in the action for breach of contract; hence the judgment in that case has become final.

The judgment, in this case, must be reversed for the reason that it was tried in the court below upon an erroneous theory. Plaintiff seems to have proceeded upon the assurance that he would prevail in both suits. He accordingly confined his proof, as to the value of the machinery and equipment taken over by defendant, to the time when the alleged breach of contract occurred, and not to their value as of the date when the work was completed. Under the contract, defendant, upon failure of plaintiff to satisfactorily carry on the work, had a right, not only to refer the matter to the architect, but, following the architect's decision, to take over the work, and with it the machinery and equipment which plaintiff had furnished to carry on the work.

The action in covenant having been concluded in defendant's favor, the measure of damage under the contract would be the difference between the value of the machinery and equipment when put "to use on the job," and the value on completion of the work less "ordinary

wear and tear." In other words, the judgment in the companion case has placed an interpretation upon the contract which irrevocably fixes the status of the parties. The conversion, if any, occurred at the time of the completion of the work, and any accounting of damages must necessarily be as of that date.

But this was not the theory upon which the case was tried. Plaintiff's entire testimony went to the value of the machinery and equipment at the time of the alleged breach of the contract when defendant took over the work. Nor is the contention of counsel for appellee sustained by the record, to the effect that plaintiff was not permitted by defendant to inspect or ascertain the condition of the machinery and equipment after the work was completed. Had this been true, possibly the evidence of value at the time of the breach of contract would have been competent as the best evidence at plaintiff's disposal; but plaintiff was permitted to and did inspect the machinery and equipment, as evidenced by a letter appearing in the record under date of March 27, 1919, written by counsel for plaintiff and addressed to counsel for defendant, as follows:

"At our request, Mr. Mosher and his superintendent went to the place where Mr. Karrick holds the machinery and equipment owned by Mr. Mosher, made a careful examination of such of his property as they could find, and thereafter made a report to us, of which the following is the substance."

The letter then describes the condition of the machinery and equipment, based upon the inspection made by Mosher and his superintendent.

It is stipulated that the work, machinery, and equipment were taken over by defendant on May 5, 1917. Plaintiff's declaration is in four counts. In the first count he lays the date of conversion on August 22, 1918; in the second count, on May 5, 1917; in the third count, on August 13, 1918; and in the fourth count, on September 9, 1918. Of course, the second count is eliminated by the judgment in the companion case for breach of contract. But plaintiff's evidence as to value was all directed to that date, when it should have been as of the date of the completion of the work, not earlier than August and September, 1918, more than a year after the work had been taken over by defendant. There was a total failure of evidence on the part of plaintiff, tending to show the value of the property at the termination of the work, as compared with the value when taken over, less wear and tear—the proper measure of damage.

[2] This discrepancy was called to the attention of the court by prayers requested by counsel for defendant, but which were denied on objection of counsel for plaintiff. Indeed, the court in its charge touched the point by instructing the jury to the effect that, if they found defendant was justified in taking over the work, they should consider, in fixing damages, the value of the equipment "as of the date when you find there was a conversion." But this instruction was not responsive to the evidence, and cannot be held to have cured the error which ran through the entire trial.

The judgment is reversed, with costs, and the cause is remanded for a new trial.